IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel Nivison,<br><br>                    Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>                    Defendant. | No. CV-21-00143-TUC-RM (JR)<br><br>**ORDER** |

On August 30, 2022, Magistrate Judge Jacqueline Rateau issued a Report and Recommendation ("R&R") (Doc. 33) recommending that this Court affirm the decision of the Commissioner of Social Security denying Plaintiff Social Security benefits. Plaintiff filed an Objection (Doc. 34) and Defendant responded (Doc. 35). Although the Objection was untimely under the deadline set in the Magistrate Judge's R&R, the Court finds the Objection timely pursuant to 28 U.S.C. § 636(b).[1] The Objection will be resolved as follows.

**I.    Background**

Plaintiff Daniel Nivison filed a Complaint seeking review of Administrative Law Judge ("ALJ") Robert Spaulding's July 29, 2020 decision denying him Social Security disability benefits. (Doc. 1.) Plaintiff sought reversal and remand of the unfavorable decision for two reasons: (1) the ALJ failed to set forth clear and convincing reasons, supported by substantial evidence, for discounting his symptom testimony, and (2) the

---

[1] The R&R sets a ten-day deadline for objecting (Doc. 33 at 17); however, 28 U.S.C. § 636(b) sets a fourteen-day deadline.

ALJ failed to demonstrate the existence of a significant number of jobs in the national economy that Plaintiff could perform given his residual functional capacity ("RFC"). (*See* Doc. 24.)

Plaintiff is a 48-year-old man who experiences "frequent, intermittent flares of rheumatoid arthritis," which render his hands "virtually useless" for periods of time ranging from hours to days. (*Id*. at 1, 3-4.) Plaintiff provided written statements that he is unable to lift a glass of water or utensils during a flare, and that he intentionally refrains from strenuous activities that might trigger a flare. (*Id*. at 4.) He further states that he engages in activities including house and yard work, with assistance, and on non-consecutive days, when able. (*Id*.) He also alleges disability based on degenerative disc disease. (*Id*. at 3.) Plaintiff was diagnosed with rheumatoid arthritis in December 2018 (*id*. at 3) and alleges a disability onset date of August 29, 2017 (Doc. 18-3 at 15). Upon engaging in the five-step review process,[2] the ALJ determined that:

> After careful consideration of the evidence, I find that the claimant's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record[.]

(Doc. 18-3 at 19-20.) The ALJ determined that Plaintiff had the RFC to perform a range of light work as defined in 20 C.F.R. § 404.1567(b), with additional limitations on stooping, kneeling, crouching, and crawling; the ability to engage in "occasional fingering or handling"; and a need to avoid "concentrated exposure to temperature extremes or vibration." (*Id*. at 18.) Based upon his analysis and the testimony of a vocational expert, the ALJ determined that Plaintiff could perform jobs that exist in significant numbers in the national economy, including those of sandwich-board carrier, with 18,500 positions in the national economy; usher, with 22,800 positions in the national economy; and burner (brick and tile), with 2,100 jobs in the national economy.

---

[2] The Court omits discussion of the portions of the ALJ's decision that the parties do not dispute. *See* 28 U.S.C. § 636(b)(1).

(*Id*. at 22.)

## II. Report and Recommendation

Magistrate Judge Rateau's R&R recommends affirming the decision of the ALJ. (Doc. 33.) The R&R summarizes the ALJ's findings (*id*. at 3-4) and addresses Plaintiff's two arguments raised in his opening brief: first, whether the ALJ cited clear and convincing reasons supported by substantial evidence for discrediting Plaintiff's symptom testimony, and second, whether the ALJ identified a significant number of jobs at step five of the sequential evaluation process (*id*. at 5).

First, the R&R addresses the ALJ's treatment of the gap in Plaintiff's medical treatment history. (*Id*. at 7-9.) The ALJ's decision states, in relevant part:

> There are no medical records contemporaneous with the alleged onset date. The earliest available records arise over one year later, when he presented with severe headaches, abdominal pain, nausea, hallucinations, and body aches after ceasing heroin and methamphetamine abuse three months earlier. Despite his symptoms, he reportedly exhibited normal coordination and range of motion in all extremities. His symptoms were attributed, in part, to alcohol withdrawal. Only weeks later, the claimant reportedly presented in no acute distress. Such evidence is not indicative of a debilitating pain condition.

(Doc. 18-3 at 20) (internal citations omitted).

The R&R finds that the ALJ considered Plaintiff's failure to seek treatment when evaluating his symptom testimony and further finds that Plaintiff has failed to explain his failure to seek treatment. (Doc. 33 at 8-9 (citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) ("[A]n unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment . . . can cast doubt on the sincerity of the claimant's pain testimony.")).) The R&R notes that, pursuant to Ninth Circuit Court of Appeals precedent, an ALJ may discredit a claimant's symptom testimony for an unexplained failure to seek treatment. (*Id*. at 9 (citing *Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001), *as amended* (Nov. 9, 2001) (ALJ's reliance on claimant's delay in seeking treatment, despite pain, to disregard claimant's testimony was appropriate)).) Here, where Plaintiff did not seek treatment for 13 months after his alleged onset date,

the R&R finds that this was an appropriate basis for the ALJ to discount his symptom testimony. (*Id*. at 9.)

Next, the R&R addresses whether the ALJ's decision to discount Plaintiff's symptom testimony was based on clear and convincing reasons supported by substantial evidence. (*Id*. at 9-14.) The R&R notes that the lack or inconsistency of the medical evidence, combined with Plaintiff's delay in seeking treatment, provide a sufficient basis to disregard Plaintiff's symptom testimony. (*Id*. at 9 (citing *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) ("Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis.")).) The R&R finds that the ALJ did not err in concluding that Plaintiff's testimony was inconsistent with the medical evidence because the ALJ relied on treatment records showing "excellent or adequate range of motion, normal gait, full upper extremity motor strength, no upper extremity swelling or tenderness, and normal lumbar motion." (*Id*. at 11.) The R&R reviews Plaintiff's treatment records from October 2018 to June 2020 (*id*. at 11-12) and concludes that "there is substantial evidence to support the ALJ's determination regarding Plaintiff's symptom testimony" (*id*. at 13). The R&R concludes that, although some evidence in the record contradicts or does not support the ALJ's findings, the ALJ's conclusions must be upheld because they are supported by "more than a scintilla" of evidence. (*Id.*)

Next, the R&R addresses the ALJ's treatment of Plaintiff's testimony regarding his daily activities and finds that the ALJ did not clearly rely on that testimony in evaluating or discrediting Plaintiff's testimony. (*Id*. at 13-14.)

The R&R then turns to the ALJ's findings at step five of his evaluation and addresses Plaintiff's arguments that the jobs of "burner (brick and tile)" and "sandwich-board carrier" should be disqualified because they both require exposure to extreme temperatures, which the ALJ found to be a limitation on Plaintiff's RFC. (*Id*. at 14-16.) The R&R agrees with Plaintiff's argument regarding the "burner (brick and tile)" job because it requires exposure to extreme heat for a significant part of a workday, and thus

is in "obvious or apparent" conflict with the ALJ's RFC findings. (*Id.* at 15 (citing *Gutierrez v. Colvin*, 844 F.3d 804, 808 (9th Cir. 2016)).) However, the R&R finds the error harmless, because neither the sandwich board carrier job nor the usher job requires exposure to extreme temperatures, and those jobs exist in significant numbers in the national economy. (*Id.* at 15-16.) The R&R addresses Plaintiff's argument that the sandwich board carrier job does, in fact, require exposure to extreme temperatures because it requires exposure to "weather." (*Id.* at 16.) The R&R rejects this argument based on its reading of the Selected Characteristics of Occupations, a companion publication to the Dictionary of Occupational Titles, pursuant to which "exposure to weather" means exposure to "outside atmospheric conditions," whereas exposure to extreme temperatures means exposure to "nonweather-related [hot or cold] temperatures." (*Id.* at 16.) Thus, the R&R concludes that Plaintiff's RFC does not limit Plaintiff's exposure to weather, but only limits non-weather-related temperatures that are integral to the job. (*Id.*) Between the sandwich board carrier job and the usher job, 41,300 jobs are available in the national economy, which constitutes a significant number of jobs. (*Id.* at 16-17).

### III. Objection

Plaintiff makes three arguments in his Objection to the R&R. (Doc. 34.) First, Plaintiff argues that the lack of treatment records for the first year of his alleged disability does not mean he does not now have a disability or did not develop one over the relevant time period. (*Id.* at 2.) In other words, the lack of records at the beginning of the case, by itself, does not mean that Plaintiff was not in fact disabled for at least a portion of the relevant time period. (*Id.*)

Second, Plaintiff argues that the ALJ did not in fact rely on Plaintiff's failure to seek treatment at the beginning of his alleged disability as a reason to discount his testimony. (*Id.*) Therefore, Plaintiff argues, this Court may not do so either. (*Id.*) Furthermore, because the failure of symptom testimony to comport with objective medical evidence by itself is not a sufficient reason to disregard the symptom testimony,

- 5 -

*see* 20 C.F.R. § 404.1529(c)(2) (an ALJ "will not reject [a claimant's] statements about the intensity and persistence of [his] pain or other symptoms or about the effect [his] symptoms have on [his] ability to work solely because the available objective medical evidence does not substantiate [his] statements"); *see also Burch*, 400 F.3d at 681 ("lack of medical evidence cannot form the sole basis for discounting pain testimony"), Plaintiff argues that the ALJ did not adequately articulate reasons for disregarding his symptom testimony and the case should therefore be remanded for further consideration of the evidence. (*Id.*); *see also Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1102 (9th Cir. 2014) ("the ALJ must provide specific, clear and convincing reasons for rejecting the claimant's testimony regarding the severity of the claimant's symptoms").

Third, Plaintiff argues that the R&R should have considered weather-related temperature extremes to be included in his functional limitation of exposure to extreme temperatures. (*Id.* at 3-4.) Plaintiff argues that there is no practical basis for distinguishing between the physical effects of exposure to weather-related extreme temperatures versus non-weather-related extreme temperatures, and furthermore, that "extreme outdoor temperatures exist everywhere in the country." (*Id.*) For these reasons, Plaintiff argues, exposure to weather-related extreme temperatures is inconsistent with his functional limitation of avoidance of extreme temperatures, and therefore the sandwich board carrier position is inconsistent with his functional limitations. (*Id.*) This would leave only the position of usher, which Plaintiff argues does not exist in significant numbers in the national economy. (*Id.* at 4); *see also Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 529 (9th Cir. 2014) (25,000 jobs in the national economy constitutes a significant number of jobs). As the ALJ identified only 22,800 usher jobs in the national economy, Plaintiff seeks remand for further clarification. (*Id.*)

In response, Defendant argues that this Court should affirm the R&R because (1) the ALJ relied on the record for the entire time period of Plaintiff's alleged disability, not just the beginning, in finding the medical evidence inconsistent with the symptom testimony; (2) the ALJ properly considered and relied on the lack of treatment records at

- 6 -

the beginning of Plaintiff's disability in finding Plaintiff not disabled; (3) even if the Court finds that the ALJ did not rely on the lack of treatment records at the beginning of Plaintiff's disability, the ALJ relied on evidence other than objective medical evidence, including photographs and state agency medical consultants' findings, in discounting Plaintiff's symptom testimony; and (4) the Magistrate Judge was correct that "exposure to weather" is distinct from "exposure to extreme temperatures." (Doc. 35.)

## IV. Standard of Review

A district judge must "make a de novo determination of those portions" of a magistrate judge's "report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The advisory committee's notes to Rule 72(b) of the Federal Rules of Civil Procedure state that, "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" of a magistrate judge. Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition. *See also Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) ("If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error."); *Prior v. Ryan*, CV 10-225-TUC-RCC, 2012 WL 1344286, at *1 (D. Ariz. Apr. 18, 2012) (reviewing for clear error unobjected-to portions of Report and Recommendation).

This Court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn*, 495 F.3d at 630. "Substantial evidence is more than a mere scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. (cleaned up). In determining whether substantial evidence supports a decision, the court "must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Id*. (quotations and citations omitted). As a general rule, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir.

2002) (citations omitted).

## V. Analysis

Plaintiff's first argument is not sufficiently developed or explained to merit a revision of the R&R's analysis of the ALJ's decision. Though Plaintiff avers generally that a disability can increase in severity over time, thus leading a plaintiff to become disabled at a date later than his alleged disability onset date, Plaintiff does not point to specific evidence in the record that the ALJ or the R&R failed to consider, or analyzed incorrectly, that would support this conclusion here. A general proposition that a plaintiff may become disabled later, even if not disabled at the beginning of a case, is not sufficient to warrant reaching that conclusion in a specific case.

Plaintiff's second argument also fails. The Court finds that the ALJ relied on the lack of treatment records at the beginning of Plaintiff's alleged disability as a reason to discount his symptom testimony. The ALJ's decision states that "[t]here are no medical records contemporaneous to the alleged onset date." (Doc. 18-3 at 20.) The decision then reviews the earliest medical records, which begin approximately one year after the alleged onset date and reflect symptoms related to substance abuse and withdrawal. (*Id*.) The decision then states, "[s]uch evidence is not indicative of a debilitating pain condition." (*Id*.) In making this statement, the Court finds that the ALJ is referring to the preceding discussion of medical records reflecting Plaintiff's substance abuse and withdrawal symptoms, as well as the lack of medical records contemporaneous to the alleged onset date. Therefore, this Court may properly rely on that reason to affirm the ALJ. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (court may affirm ALJ only on grounds upon which ALJ relied). Furthermore, the ALJ relied on both the absence of medical records at the start of Plaintiff's alleged disability and the inconsistency between the objective medical evidence and Plaintiff's symptom testimony in reaching the conclusion that Plaintiff was not disabled; therefore, he relied on substantial evidence in reaching the conclusion that Plaintiff was not disabled. *See Burch*, 400 at 681 (ALJ may rely on lack of medical evidence in addition to other evidence in discounting pain

testimony).

Lastly, the Court finds no merit in Plaintiff's third argument. Plaintiff does not address the definitions from the Selected Characteristics of Occupations, which the R&R relies upon. The relevant documents define "exposure to weather" and "exposure to nonweather-related temperatures" differently, and Plaintiff does not contest this. Furthermore, the Court agrees with the R&R's analysis that "weather-related temperatures" are, or would be, encompassed in a functional limitation of exposure to weather, but are not, by definition, included in a limitation of exposure to extreme temperatures. The fact that extreme temperatures may exist everywhere in the country does not justify a different conclusion.

Accordingly,

**IT IS ORDERED** that the Report and Recommendation (Doc. 33) is **accepted and adopted in full**. Plaintiff's Objection (Doc. 34) is **overruled**. The final decision of the Commissioner of Social Security is **affirmed**. The Clerk of Court shall enter judgment in favor of Defendant and close this case.

Dated this 29th day of September, 2022.

_____
Honorable Rosemary Márquez
United States District Judge